Argued and submitted March 26, affirmed May 2, 1990

# FRASER,
*Appellant,*

*v.*

# FRASER et al,
*Respondents.*

(87-2026; CA A61034)

790 P2d 1212

George W. Kelly, Eugene, argued the cause and filed the briefs for appellant.

Dana R. Taylor, Portland, argued the cause for respondents. With him on the brief was Hagen, Dye, Vial & Hirschy, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

Plaintiff appeals the trial court's summary judgment for defendants in this action for intentional interference with a prospective business relationship. He contends that defendants purchased certain real property from its owner, Ruth Evenson, knowing that her agent had orally promised plaintiff a right of first refusal. As a result, that right was not extended to him. Plaintiff intended to use the property for business purposes. The prospective relationship that he asserts was interfered with was his buyer-seller arrangement with Evenson.

Assuming that facts of that general kind could give rise to a claim for the tort under any set of circumstances, the evidence here disclosed a straightforward transaction in which Evenson offered the property to defendants and they bought it. To be actionable, an alleged interference must, *inter alia,* "be in pursuit of an improper or wrongful motive or involve the use of an improper or wrongful means." *Lewis v. Oregon Beauty Supply Co.,* 302 Or 616, 622, 733 P2d 430 (1987), and cases there cited. There was no evidence of improper or wrongful means here, and plaintiff does not contend otherwise. Plaintiff's only evidence that he maintains supports an inference of improper motive is that, "for some reason," defendant Faye Fraser "hates [plaintiff's] guts" and bears a grudge against him; defendant Scott Fraser told plaintiff that certain other property that plaintiff and Faye own jointly should belong to her; and (as summarized in plaintiff's brief):

> "Later, after Scott and Faye bought the Evenson property, Plaintiff asked Scott 'Why he was doing this. Why he would do such a thing.' Scott's response was that 'he had to do what his mother wanted and if he ever expected to get anything out of her he had to go along with it.' "

Nothing in the evidence links the ill will that defendants might feel toward plaintiff to the transaction in question. Indeed, according to Evenson's affidavit, it was she who proposed the sale to defendants when she met Faye at a Women's Club meeting. She also said that she had never met or spoken with plaintiff about the property or its sale.

Plaintiff argues, however:

"Defendants gave no evidence as to why they decided to purchase the property. Their affidavits indicated only that they were interested in the land and bought it."

Plaintiff reasons that there could be "no other motivation for their action" except hatred. We disagree. Being interested in land is *a* reason for deciding to buy it and one that is, as a matter of law, legitimate. *See Lewis v. Oregon Beauty Supply Co., supra,* 302 Or at 622.

Affirmed.